**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**

                 **Plaintiff,**

 v.

                                                        20-CR-29A

**SHERRON KYE,**

                 **Defendant.**

---

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.

## PRELIMINARY STATEMENT

The defendant, Sherron Kye ("the defendant"), is charged with a number of co-defendants in a superseding indictment with having violated Title 21 U.S.C. § 846 (Count 1) and Title 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and Title 18 U.S.C. § 2 (Count 20). Dkt. #24.

Initially the defendant filed a "motion to suppress statements" allegedly made by him to law enforcement on or about March 5, 2020 after he was arrested.

Dkt. #97, p. 3, ¶ 4.   However, he failed to submit an affidavit in support of this motion. Shortly thereafter, the defendant filed a second motion which appears to be duplicative of his first motion to suppress wherein he sought "suppression of statements" allegedly made by him to law enforcement on or about March 5, 2020 after he was arrested, but once again he failed to submit an affidavit in support of this motion.   Dkt. #98, p. 3, ¶ 4. On September 14, 2020, the defendant filed a third "motion to suppress statements" allegedly made by him to law enforcement on or about March 5, 2020 after he was arrested which was different than the first two motions to suppress.   Dkt. #103, p. 3, ¶ 4.   The defendant again failed to submit an affidavit in support of that motion notwithstanding that in each of the motions filed, it is stated on behalf of the defendant that "an affidavit, if necessary to obtain a hearing will be filed."   See Dkt. #97, p. 5, ¶ 12; Dkt. #98, p. 5, ¶ 12; Dkt. #103, p. 5, ¶ 12.

The first two motions of the defendant, Dkt. #97 and Dkt. #98, were terminated by this Court as a result of defendant's third motion, Dkt. #103.

On October 13, 2020, this Court entered a new scheduling order with the consent of all defendants wherein all non-dispositive defense motions were to be filed no later than October 16, 2020, and the government's responses to said motions were to be filed no later than October 30, 2020, and oral argument was scheduled for November 10, 2020.   It was also agreed by all of the parties that a deadline for filing all dispositive motions would be set by this Court on November 10, 2020.   Dkt. #111.

2

Because the defendant and the government were engaged in plea negotiations, it was agreed by the parties that the government would be given a two week extension within which to file responses to the defendant's motion and that the additional time would be excluded for purposes of the time requirements under the Speedy Trial Act.   Dkt. #s 120, 126.

A plea agreement was not reached, and the government filed its responses to the defendant's non-dispositive motions on November 13, 2020.   Dkt. #138.   On November 17, 2020, this Court heard oral argument on the defendant's non-dispositive motions as well as those of the co-defendants and resolved those motions by decision.   Dkt. #146 and minute entry of November 17, 2020.   Also on November 17, 2020, this Court put a scheduling order in place wherein all dispositive motions were to be filed by all of the defendants no later than February 19, 2021 and the government responses were to be filed no later than March 5, 2021.   (Minute entry of November 17, 2021).

On February 18, 2021, an amended scheduling order was put in place whereby all dispositive defense motions were to be filed no later than April 23, 2021 and government responses were to be filed no later than May 7, 2021.   Dkt. #s 163, 164.   Time was excluded for purposes of the time requirements under the Speedy Trial Act.   Dkt. #164.

Having missed the deadline of April 23, 2021 for filing dispositive motions, on April 27, 2021, the defendant's attorney filed a motion seeking an extension of time within which to file dispositive motions. Dkt. #189-3. This motion was granted. The defendant filed a "Motion to Dismiss Indictment on Grounds of Sixth Amendment Speedy Trial Violation" (Dkt. #189) and a "Motion to Suppress" seeking to suppress "from use as evidence various items which were attributed to Defendant in violation of his reasonable expectation of privacy" along with an affidavit by defense counsel. Dkt. #189-2. The government filed its response to these motions on May 7, 2021. Dkt. #194. Oral argument on the defendants' motions was set for June 8, 2021. Dkt. #203. On June 8, 2021, the defendant filed his affidavit "in support of motion to suppress physical evidence." Dkt. #205. However, in that affidavit, the defendant raised new or additional issues, *i.e.*, that "(1) there was no probable cause nor reasonable suspicion for search, seizure or arrest, (2) involved a broken chain of custody." Dkt. #205, p. 1, ¶ 1.

Because the defendant's attorney's argument on these issues was not set forth in writing prior to the June 8, 2021 proceeding, this Court directed him to file a suppression motion addressing the validity of the arrest and search of the defendant no later than June 18, 2021 and the government was to respond no later than June 25, 2021. Oral argument on that motion was scheduled for June 29, 2021. (*See* minute entry of June 8, 2021). The defendant filed a motion on June 18, 2021 seeking

4

"suppression from use as evidence, various items, tangible or intangible which were seized from [his] person or place within which he has a reasonable expectation of privacy directly or indirectly."   Dkt. # 209-3, p. 1.   Attached to the motion is a confusing so-called affidavit which appears to be unsigned and not notarized.   It is confusing in that it states that it is defendant's attorney who is duly sworn and deposed but then proceeds to state representations allegedly being made by the defendant.   Dkt. #209-3, pp. 2-4.   Defense counsel also submitted a memorandum in support of the motion to suppress.   Dkt. #209-3, pp. 7-11.

On June 25, 2021, the government filed its response to the defendant's motion to suppress.   Dkt. #212.   Oral argument on the defendant's motion to suppress was heard on June 30, 2021.

## **FACTS**[1]

On March 5, 2020, members of the Buffalo Police Department ("BPD") Narcotics Unit obtained a search warrant authorizing the search of premises located at 81 Mills Street, Buffalo, New York.   When the police officers arrived at 81 Mills Street, they observed the defendant and Torrance Bailey, who is a co-defendant in this case, walking between 79 and 81 Mills Street.   Allegedly, when the officers were observed by the defendant and Bailey, "Bailey threw a set of keys to the ground and the defendant

---

[1] The facts are taken from the various filings in this case by the defendant and the government .

threw a bag to the ground as he attempted to enter a parked vehicle.[2]   Dkt. #212, p. 1.  The bag was retrieved by police officers and determined to contain "approximately 3 ounces of suspected fentanyl."   Both the defendant and Bailey were taken into custody and searched.   A search of the premises at 81 Mills Street resulted in the recovery of "approximately 5 ounces of suspected fentanyl; a hydraulic press and suspected fentanyl residue; a metal press with suspected fentanyl residue; and drug packaging material."   Dkt. #212, pp. 1-2.

## DISCUSSION AND ANALYSIS

### A.  Defendant's Motion to Suppress Evidence

### (1)   The Bag Containing Fentanyl:

During oral argument of the defendant's motion to suppress (Dkt. #209-3), defendant's counsel stated that the defendant was not claiming that anything seized from 81 Mills Street on March 5, 2021 should be suppressed as evidence.   Nor was the defendant claiming that evidence was unlawfully seized from his automobile on March 5, 2021.   As to the removal of personal items from the defendant's person, counsel for the government stated that those items were not going to be used by the government at trial.   The government also stated that it was not going to claim at trial that the bag of suspected fentanyl retrieved by police officrs on March 5, 2021 was found in the defendant's automobile.

---

[2] The defendant denies these allegations and claims that he was not in the immediate vicinity of 81 Mills Street and that he did not throw a bag to the ground.   Dkt. #s 209 and 209-1.

In his motion papers and during oral argument, the defendant asserts that he had no possession or ownership or involvement with the bag of suspected fentanyl that was retrieved by police officers at the scene of 81 Mills Street on March 5, 2021. As a result, it appears that the only viable legal issue under the defendant's motion to suppress evidence is the seizure or retrieval of the bag containing "approximately 3 ounces of suspected fentanyl."

Because the defendant claims total non-involvement or non-possession of the bag of fentanyl, the government argues that the defendant has no standing to seek suppression of that item as evidence to be used by the government at trial. The government further argues that the position taken by the defendant causes the bag of fentanyl to be abandoned property that was found in the open public and therefore, the defendant had no reasonable expectation of privacy with respect to that item.

It appears that at least it can be said that the bag allegedly containing suspected fentanyl was found somewhere in the location of 81 Mills Street. That being the case, there is merit to the government's argument as to the item being considered abandoned property and that, coupled with defendant's denial of possession or involvement with the property causes the defendant to lack standing to claim a violation of his Fourth Amendment rights. The Fourth Amendment only provides special protection to people in "their persons, houses, papers and effects." It is not extended

7

to open or public streets and/or fields.  *Hester v. United States*, 265 U.S. 57, 59 (1924). If the bag in question was found on the ground in the open public, it was abandoned property.  As the United States Supreme Court has stated, "there can be nothing unlawful in the government's appropriation of . . . abandoned property."  *Abel v. United States*, 362 U.S. 217, 241 (1960).  Therefore, it is recommended that defendant's motion be in all respects denied.

### B. Suppression of Defendant's Statements

In order to warrant a suppression hearing, the defendant must demonstrate a specific factual dispute that can be resolved by a hearing.  *See United States v. Mathurin,* 148 F.3d 68 (2d Cir. 1998) (evidentiary hearing required where defendant averred that he was never given *Miranda* warnings); *United States v. Richardson*, 837 F. Supp. 570 (S.D.N.Y. 1993) (evidentiary hearing not required where defendant failed to make specific factual allegations of illegality based upon personal knowledge but defense counsel merely alleged that defendant did not knowingly waive his rights before answering questions); *United States v. Ahmad*, 992 F. Supp. 682, 685 (S.D.N.Y. 1998) (affidavit of defense counsel seeking suppression of custodial statements for failure to provide *Miranda* warnings insufficient to warrant evidentiary hearing or suppression); *United States v. Caruso*, 684 F. Supp. 84, 87 (S.D.N.Y. 1988) ("without a supporting affidavit of someone with personal knowledge of the underlying facts, the court need not resolve factual disputes that may be presented by the moving

papers."). Indeed, the defendant's papers must raise a "sufficiently definite, specific, detailed, and nonconjectural" factual basis for the motion in order to require a hearing. *United States v. Pena*, 961 F.2d 333, 339 (2d Cir. 1992).

Although the defendant has filed three (3) separate motions seeking to "suppress statements" made by him to law enforcement official after he was arrested (*see* Dkt. #s 97, 98, 103), he has failed to set forth any actual statements attributed to him that he seeks to suppress from use at trial in the form of an affidavit. He has also failed to raise a factual basis that would require an evidentiary hearing. Therefore, it is recommended that all three of these motions to suppress be denied.

### C. Defendant's Motion to Dismiss the Indictment

The defendant claims that his right to a speedy trial under the Sixth Amendment to the Constitution has been violated because of the length of his pretrial detention as well as "deliberate delay that resulted in a benefit to the government" which "warrant[s] dismissal of the indictment in this matter." Dkt. #189, pp. 8-9.

The Sixth Amendment to the Constitution expressly states that "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial. . . ." U.S. Const Amend VI.

In considering a defendant's motion to dismiss an indictment based on the government's failure to comply with the speedy trial requirements set forth in the Sixth Amendment, the United States Supreme Court in *Barker v. Wingo*, 407 U.S. 514 (1972) stated that a "balancing test" needed to be applied "on an *ad hoc* basis" and that in doing so, it identified "four factors" that the court "should assess in determining whether a particular defendant has been deprived of his right." These four factors are: (1) length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right; (4) prejudice to the defendant. *Id*. at 530. *See also Doggett v. United States*, 505 U.S. 647 (1992); *United States v. Black*, 918 F.3d 243 (2d Cir. 2019). The *Barker* court also stated that one factor alone could not be a sufficient or necessary condition for a speedy trial violation and that the four factors are related and must be considered together in the context of the case. *Barker, supra* at 533.

### 1. The Period of Delay

The defendant was arrested on March 5, 2020 and charged on March 6, 2020 in a Criminal Complaint with having violated Title 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B). Dkt. #1, 20-MJ-1012. He appeared before the Court on March 6, 2020 to answer the charges and requested assigned counsel, which was granted. The government moved for detention of the defendant and the defendant requested a hearing which was scheduled for March 10, 2020 and time was excluded for purposes of the speedy trial requirement. (*See* March 6, 2020 minute entry). On March 10, 2020, an order pursuant to Rule 48(b) of the Federal Rules of Criminal Procedure was

issued wherein and whereby the Criminal Complaint would be deemed dismissed without prejudice.  Magistrate judge McCarthy released the defendant on bail with terms and conditions attached.  The government objected to the defendant's release and filed an appeal to the District Judge to whom this case as assigned on March 12, 2020.  Dkt. #7.  On April 10, 2020, the Court granted the government's motion and the defendant was detained.  On April 16, 2020, a Superseding Indictment was filed wherein the defendant was now named as a defendant along with all of the other defendants in that indictment.  Dkt. #24.  On April 23, 2020, the defendant was arraigned on the Superseding Indictment.  (*See* April 23, 2020 minute entry).  At that time, a scheduling order was put in place wherein all defense motions, dispositive as well as non-dispositive, were to be filed by June 30, 2020, and the time period up to that date was excluded for purposes of the speedy trial requirements.  Dkt. #39.  Because motions seeking extensions of time to file motions were filed by a number of the co-defendants in this case and were granted, this Court filed an Amended Scheduling Order wherein and whereby all pretrial motions were to be filed no later than August 14, 2020 and the time was excluded to that date.  Dkt. #77.

      On July 28, 2020, defendant's present counsel filed a notice of appearance on behalf of the defendant and represented that he had been retained.  As a result, this Court relieved the previously assigned counsel as counsel of record for the defendant.  *See* Dkt. #s 85, 95.

11

Once again, some of the co-defendants filed motions seeking an extension of time within which to file motions which were granted.  As a result, a second Amended Scheduling Order was put in place wherein and whereby all pretrial motions were to be filed no later than October 16, 2020 and time was excluded to that date.  Dkt. #s 92, 93.

On August 26, 2020, the defendant filed an omnibus discovery motion including a motion to suppress evidence which was found to be defective by this Court.  Dkt. #97.  On August 31, 2020, the defendant filed a second omnibus motion which appeared to be duplicative of his first motion and which was also found to be defective.  Dkt. #98.  On September 14, 2020, the defendant filed a third omnibus motion seeking to "suppress statements" made by him to law enforcement officials.  Dkt. #103.  As a result of the filing of this motion, the Court terminated the prior two motions (Dkt. #s 97, 98) of the defendant.

On October 13, 2020, a "consent" motion was made on behalf of all of the parties herein, that there would be a bifurcation of dispositive and non-dispositive motions and that only non-dispositive motions would be filed no later than October 16, 2020 and a new date for the filing of dispositive motions would be established after the resolution of non-dispositive motions.  (*See* minute entry of October 13, 2020).

12

On October 30, 2020, the government filed a motion with the consent of the defendant, seeking an extension of time to respond to the defendant's non-dispositive motions because the government had submitted a proposed plea agreement to the defendant which he was now reviewing. Dkt. #120. The motion was granted. Dkt. #126. Time was excluded.

On November 17, 2020, this Court heard oral argument on the defendant's non-dispositive motions and resolved those motions orally from the bench. (*See* minute entry dated November 17, 2020). A scheduling order for the filing of dispositive motions was also put in place wherein and whereby the government was given until December 31, 2020 to complete the providing of discovery materials to the defendant and the defendant was to file all dispositive motions no later than February 19, 2021 and the government was to respond to said motions no later than March 5, 2021. The time from November 17, 2020 to February 19, 2021 was excluded for speedy trial purposes. (*See* minute entry of November 17, 2020).

On February 18, 2021, one of the co-defendants in the case filed a motion seeking an extension for the filing of dispositive motions which was granted. As a result, a third Amended Scheduling Order was put in place wherein and whereby all dispositive motions were to be filed no later than April 23, 2021 and the government was to respond no later than May 7, 2021. The time from February 19, 2021 to April 23, 2021 was excluded.

13

On April 27, 2021, four days after the deadline date, the defendant filed is motion seeking dismissal of the indictment because of a violation of his Sixth Amendment right to a speedy trial.   Dkt. #189.   The government responded to this motion on May 7, 2021.   Dkt. #194.

On May 20, 2021, this Court scheduled oral argument on all of the defendants' dispositive motions for June 8, 2021.   Dkt. #203.

As stated earlier, because defense counsel raised new issues at the time of oral argument on June 8, 2021 which were not included in his written motion, it was necessary for this Court to direct defendant's counsel to file a written motion on these additional issues.   This motion was to be filed no later than June 18, 2021 and the government was to respond no later than June 25, 2021 and oral argument would be heard on June 29, 2021.   (*See* minute entry of June 8, 2021).   The defendant filed his additional motion on June 18, 2021 (Dkt. #209) and the government filed its response on June 25, 2021 (Dkt. #212).   Oral argument was heard on June 30, 2021 and decision reserved.

On September 14, 2021, the defendant filed a motion seeking a severance from the trial of his co-defendants which is presently pending before the District Judge to whom this case has been assigned until the defendant's motions

14

herein are resolved.   Dkt. #260.

It is pointed out that there are seven (7) other defendants in this case who have been actively involved in motion practice before this Court during the period of June 30 through October 27, 2021 which have resulted in delays and exclusion of time for speedy trial purposes.   (*See* Dkt. #s 220 through 286).

> We have previously held that in cases involving multiple defendants only one speedy trial clock, beginning on the date of the commencement of the speedy trial clock of the most recently added defendant, need be calculated under 18 U.S.C. § 3161(h)(7). *United States v. Barton,* 647 F.2d 224, 229 n. 5 (2d Cir.), *cert. denied,* 454 U.S. 857, 102 S.Ct. 307, 70 L.Ed.2d 152 (1981). In this computation, a delay attributable to any one defendant is chargeable only to the single controlling clock. *Id.* at 230 n. 5; *United States v. McGrath,* 613 F.2d 361, 366 (2d Cir.1979), *cert. denied,* 446 U.S. 967, 100 S.Ct. 2946, 64 L.Ed.2d 827 (1980).

*United States v. Piteo*, 726 F.2d 50,52 (2d Cir.1983); *cert.denied* 466 U.S.905 (1984); *United States v. Pena*, 793 F.2d 486 (2d Cir. 1986).

It is also pointed out that the defendant is not making a claim of violation of the Speedy Trial Act and therefore, this analysis will not address the issue of delay in the context of the Speedy Trial Act.

At present, only a period of approximately twenty (20) months have elapsed since his arrest on March 5, 2020. During that 20-month period, the defendant's status changed from being named in a Criminal Complaint to one of an indicted defendant along with seven (7) other co-defendants on April 16, 2020 (Dkt. #24), and the defendant was assigned counsel to represent him. On July 28, 2020, the defendant's present counsel filed his notice of appearance as retained counsel which necessitated giving him additional time within which to obtain the legal file from assigned counsel as well as time to familiarize himself with the history of the proceedings up to that time so as to provide the defendant with effective assistance of counsel, that being his constitutional right. As a result of this change of counsel, the preceding period of March 5 to July 28, 2020 is excluded from the overall time period of 20 months in considering the amount of delay that the defendant has experienced regarding his right to a speedy trial which results in a total period of approximately 16 months.

The defendant did not file his first motion until August 26, 2020 (Dkt. #97) and his second motion, which was duplicative of the first motion, on August 31, 2020 (Dkt. #103). Thereafter, the defendant and the government entered into plea bargaining negotiations and the parties jointly asked this Court for an extension of time to allow the government to respond to his motions. When a plea agreement failed, this Court heard oral argument on the defendant's non-dispositive motions on November 17, 2020 and ruled on those motions orally from the bench on that date.

16

At the request of the defendant and his co-defendants, a new scheduling order for the filing of dispositive motions was put in place on November 17, 2020, but that schedule had to be amended in response to applications made by some of the co-defendants for additional time within which to file dispositive motions. A final deadline date for the filing of dispositive motions was established, *i.e.*, April 23, 2021. The defendant failed to comply with this deadline and sought an extension of time which was granted, thereby allowing him to file his present motion on April 27, 2021, seeking dismissal of the indictment based on a violation of his Sixth Amendment right to a speedy trial. As previously stated above, the defendant caused further delay in the disposition of his motion to dismiss the indictment when his counsel raised new issues at the time of oral argument on June 8, 2021.

The defendant waited until September 14, 2021 before he filed his motion seeking a severance from the trial of his co-defendants. Dkt. #260.

During the period March 5, 2020 through September 14, 2021, the Western District of New York, along with the rest of the country, was struggling with the effects of the COVID-19 pandemic and the delays caused by that pandemic as evidenced by the Chief Judge of the District having issued a General Order on March 13, 2020 limiting court operations. This Order was then supplemented on

17

March 18, 2020 with another General Order which delayed all criminal trials in the District for a period of 60 days which continuance was extended for a period of five (5) months.

In conclusion, I find that the period of March 5, 2020 to the date of this Report, Recommendation and Order was properly utilized in pretrial litigation brought by the defendant and his co-defendants.   Therefore, the time of delay in this case is not "presumptively prejudicial," and because of this finding, the other three *Barker* factors need not be addressed.   *Barker v. Wingo, supra* at 530.   It is therefore recommended that the defendant's motion to dismiss the indictment as against him on the grounds of denial of his right to a speedy trial under the Sixth Amendment be in all respects denied.

It is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Crim.P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.**

DATED:    Buffalo, New York
          November 2, 2021

                                           *S/ H. Kenneth Schroeder, Jr.*
                                           **H. KENNETH SCHROEDER, JR.**
                                           **United States Magistrate Judge**