IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      v.                                                    20-CR-29-A

DAVID BURGIN,

            Defendant.

## GOVERNMENT'S REPLY TO DEFENDANT'S RESPONSE TO GOVERNMENT'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORTS AND RECOMMENDATIONS

**THE UNITED STATES OF AMERICA**, through its attorney, Trini E. Ross, United States Attorney for the Western District of New York, Timothy C. Lynch, Assistant United States Attorney, of counsel, hereby files its reply to defendant David Burgin's response to the government's objections to United States Magistrate Judge H. Kenneth Schroeder, Jr.'s Reports and Recommendations.

      The government believes the 40-page filing containing its objections adequately addresses many of the arguments raised by defense counsel in its response. However, there are two issues the government feels compelled to respond to: (1) the defense's wild allegations that the officers "planted evidence," *see* Filing 707 at pp. 7 & 12; and (2) the defense's claim that the magistrate judge found Chief D.J. Granville and Special Agent Frank Zabawa to be unreliable, *see* Filing 707 at p. 7.

Addressing the first point, the magistrate judge never found law enforcement "planted evidence." Certainly, there is evidence that Chief Granville began to search the second floor before the second warrant was obtained, but there is no evidence that Chief Granville or anyone else planted evidence, let alone that any member of law enforcement was "caught on video planting evidence in a trash can" as the defense claims. *See* Filing 707 at p. 7.

Nor did the magistrate judge find either Chief Granville or Special Agent Zabawa to be unreliable. There is simply no such finding in this regard. The magistrate judge did conclude that the second warrant provided inaccurate information to the issuing state judge, but this finding was based on the magistrate judge's faulty finding that a security sweep of the attic did not occur. *See* RR&O at p. 27 ("Granville testified that the attic was **not** subjected to a safety sweep. . . ." (emphasis in original)). As the government highlighted in its supplement brief to the magistrate judge, *see* Filing 658 at pp. 17-19, and its objections to this Court, *see* Filing 686 at pp. 21, 22, the magistrate judge's finding is inconsistent with the record, including Chief Granville's responses to the magistrate judge's own questions on the issue.

The government continues to believe the magistrate judge was rightfully concerned about law enforcement's decision to access the second floor at 56 Grimes on multiple occasions prior to the second warrant being obtained. However, this concern impaired, and appears to have overwhelmed, the magistrate judge's decision-making process. The defense now invites this Court to make the very same error by overlooking the question of whether the defendant had a legitimate expectation of privacy in the attic and/or second floor of 56 Grimes. "If the inspection by police does not intrude upon a legitimate expectation of privacy, there is no 'search' subject to the Warrant clause." *Illinois v. Andreas*, 463 U.S. 765, 771 (1983).

2

In other words, if the alleged police misconduct did not intrude on the defendant's legitimate expectation of privacy, as the government asserts, then there is no Fourth Amendment right to vindicate. Moreover, the government has argued since the beginning of this litigation, that the independent source and inevitable discovery doctrines apply here and necessitate a finding that despite any alleged police misconduct, the Court should find the evidence seized from 56 Grimes to be admissible at trial. Neither the magistrate court nor the defense have ever attempted to rebut or contest the application of these two doctrines to the facts in this case.

    DATED: Buffalo, New York, August 23, 2024.

                            TRINI E. ROSS  
                            United States Attorney

       BY:    s/TIMOTHY C. LYNCH  
                    Assistant United States Attorney  
                    United States Attorney's Office  
                    Western District of New York  
                    138 Delaware Avenue  
                    Buffalo, New York 14202  
                    716/843-5846  
                    Timothy.Lynch@usdoj.gov